DECISION
{¶ 1} On November 5, 2001, Guy Shockley was issued a citation for operating a motor vehicle while his operator's license was under suspension. He entered a guilty plea to the offense on May 21, 2002. The motor vehicle he had been operating was titled to Noreen Compton, a long-time friend.
{¶ 2} The trial judge who accepted the plea from Mr. Shockley scheduled an immobilization hearing for June 18, 2002. Noreen Compton was notified to come to court on that day so the court could decide whether or not to immobilize her vehicle. After inquiring about the facts, the trial judge ordered the vehicle immobilized.
{¶ 3} Noreen Compton has appealed the trial court's order, assigning two errors for our consideration:
{¶ 4} "I. The trial court committed plain error in not providing Appellant due process before the taking of her property.
{¶ 5} "II. The trial court erred in failing to return Appellant's vehicle holding that Appellant was not an `Innocent Owner.' "
{¶ 6} Counsel for the city of Columbus has conceded that the trial court did not provide the hearing required by R.C. 4503.235. The primary defect in the lower court proceedings was the failure of the trial judge to swear any witnesses and the failure to take any other evidence before entering the immobilization order.
{¶ 7} We, therefore, sustain the first assignment of error. Our ruling on the first assignment of error renders the second assignment of error moot since no evidence was before the court to determine whether or not Noreen Compton was an innocent owner.
{¶ 8} The judgment of the trial court is reversed. The cause is remanded for further appropriate proceedings.
Judgment reversed and cause remanded.
DESHLER and BROWN, JJ., concur.